I respectfully dissent with the lead opinion regarding Assignment of Error II, because the statutory requirement for consecutive sentences was not completely met. Specifically, the trial court failed to specify why
it believed that consecutive sentences were not disproportionate to the seriousness of the offender's conduct. Although it made the necessary finding, that is, the trial court asserted that it found no disproportionality, the court gave no explanation or reasons for this finding. For a court to impose consecutive sentences, reasons have to be given for each of the required findings.
In State v. Colon (Aug. 9, 2001), Cuyahoga App. No. 77779, unreported, this court clarified each of the findings that are required. We further stated that R.C. 2929.19(B)(2) requires reasons to support each of the findings the court is required to make for consecutive sentences, and we clarified the difference between findings and reasons. State v. Bolling
(July 10, 2001), Cuyahoga App. No. 78632, 2001 Ohio App. LEXIS 3248;State v. Gonzalez (Mar. 15, 2001), Cuyahoga App. No. 77338, unreported, 2001 Ohio App. LEXIS 1185; State v. DeAmiches (Mar. 1, 2001), Cuyahoga App. No. 77609, unreported, 2001 Ohio App. LEXIS 768; State v. Berry
(Mar. 9, 2000), Cuyahoga App. No. 75471, unreported, 2000 Ohio App. LEXIS 910; State v. Beck (Mar. 30, 2000), Cuyahoga App. No. 75193, unreported;State v. Norwood (June 8, 2001), Lake App. No. 2000-L-072, unreported, 2001 Ohio App. LEXIS 2573. See also Katz and Griffin, Ohio Felony Sentencing Law.
Because the trial court has failed to give its reason(s) for one of the sentencing requirements, the case should be remanded for resentencing.